## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REGINALD WILKERSON, # 412-089, | * | |
| | * | Civil Action No. PWG-14-3289 |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| C. ROBINSON, | * | |
| R. GRAHAM, | * | |
| S. EDWARDS, | * | |
| | * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

On October 17, 2014, Reginald Wilkerson, an inmate at Western Correctional Institution ("WCI") in Cumberland, Maryland, submitted a Motion for *Ex Parte* Injunction against Sheriff Stanley Edwards, Warden Richard Graham, and Sheriff Craig Robinson, pursuant to Rule 65 of the Federal Rules of Civil Procedure. (ECF No. 1). The Motion was later supplemented. (ECF No. 4). Wilkerson also filed a Motion to Proceed in Forma Pauperis. (ECF No. 2).

As his financial affidavit and prisoner account certificate (ECF Nos. 2 & 3) demonstrate that he is indigent, the Motion to Proceed in Forma Pauperis will be granted, subject to payment of the initial partial filing fee required under 28 U.S.C. § 1915. Wilkerson's inmate account statement reflects a six-month average account balance of $67.72 and average monthly deposits of $34.84. (ECF No. 3). The Court will direct the financial officer at WCI to forward to the Clerk a payment of $ 13.55 (20% of $67.72) as the initial partial filing fee.

## BACKGROUND

Wilkerson is asking this Court to enjoin Richard Graham, Warden of WCI, from releasing him into the custody of the Alleghany County Sheriff's Department later this month.

Wilkerson asks that he be released instead into the custody of the Baltimore City Sheriff's Department, where he can be detained until further notice from this Court.[1]

The facts upon which Wilkerson premises his request for injunctive relief are unclear. Moreover, they do not suggest the abridgement of a constitutional provision or federal law by defendants sufficient for this Court to exercise federal jurisdiction over this matter.

Wilkerson states that on November 24, 2008, he was "accidentally" released from custody in Delaware to the Maryland Division of Correction ("DOC"). (ECF No. 1). He also states that on November 19, 2010, he was transported to the Allegany County District Court for bail review, and Sheriff Stanley Edwards "falsified" a fugitive warrant for him at that time. As best as can be discerned,[2] Wilkerson appears to allege that his Delaware sentence continued to run while he was in Maryland custody and has now expired. Thus, he implies that he should not be sent to Allegany County, and then presumably extradited to Delaware. Wilkerson provides no information about the nature of his Delaware judgment.

Wilkerson has filed several other cases in this Court premised on his assertions of a falsified fugitive warrant and an alleged accidental release by Delaware authorities to the Maryland DOC. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2241, *Wilkerson v. Scruggs*, Civil Action No. PWG-13-778 (D. Md. 2013), Wilkerson raised similar allegations of fact, and a variety of claims, including some similar to those presented here. The undersigned dismissed that petition without prejudice for lack of exhaustion. In that case,

---

[1] To the extent Wilkerson is requesting relief in the nature of mandamus, this Court does not have jurisdiction over state employees in an action for writ of mandamus. *See Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969).

[2] The Court recognizes that Wilkerson is a self-represented litigant, and has accorded his filings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

2

Wilkerson's claims concerning an allegedly invalid Delaware detainer were dismissed without prejudice so that he might pursue those claims in Delaware as appropriate.

In pending civil actions *Wilkerson v. Maryland*, PWG-14-2980, and *Wilkerson v. Graham*, PWG-14-3095, Wilkerson is seeking relief under 28 U.S.C. § 2254, and raises, as best as can be discerned, allegations of fact similar to those presented here. In this case, Wilkerson has filed a hybrid civil rights and habeas corpus action for monetary damages and habeas relief, based on allegations akin to those raised here. Wilkerson has not alleged nor evidenced exhaustion of available state or administrative remedies in any of these cases.

## DISCUSSION

The petition in this case does not set forth any facts to substantiate Wilkerson's allegation of a "falsified" fugitive warrant or other efforts by the Allegany County Sheriff to obstruct justice. As previously explained to Wilkerson, if it is his intention to challenge a Delaware state judgment or detainer, his claims must be presented in the appropriate forum.

Rule 65(b) of the Federal Rules of Civil Procedure provides:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). For injunctive relief to be granted, the claimant must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S.

7, 19 (2008). All four requirements must be satisfied. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089 (2010), *reinstated in relevant part on remand*, 607 F.3d 355 (4th Cir. 2010) (per curiam). Under *Winter*, the party seeking the preliminary injunction must show clearly the likelihood of succeeding on the merits. *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011).

Wilkerson fails to satisfy the requirements set forth in *Winter*, 555 U.S. at 20, as he does not clearly set forth specific facts to show immediate and irreparable harm in the absence of preliminary injunctive relief or the the likelihood of success on the merits, and his unsupported claims and conclusory allegations of fact fail to tip the equities in his favor or demonstrate a preliminary injunction is in the public interest.  Consequently, preliminary injunctive relief will be denied by separate order to follow.[3]

_____
Date

_____
Paul W. Grimm
United States District Judge

_____
[3] Wilkerson's other pending cases referenced above are proceeding.

4